IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FLOYD C. CASEY, # 287213,         *
                                  *
    Plaintiff,                    *
                                  *
vs.                               * CIVIL ACTION NO. 20-00180-JB-B
                                  *
CYNTHIA STEWART, *et al.*,        *
                                  *
    Defendants.                   *

**REPORT AND RECOMMENDATION**

Plaintiff Floyd C. Casey, an Alabama prisoner proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). Both have been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review, the undersigned recommends that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Legal Standards for Screening a Complaint for Maliciousness.**

Because Casey seeks to proceed *in forma pauperis*, the Court is required to screen his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). That section requires the dismissal of an *in forma pauperis* prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is deemed

malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process that warrants dismissal without prejudice as malicious. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting of an action that was dismissed for abuse of the judicial process because the inmate lied under penalty of perjury about the existence of a prior lawsuit as a strike under 28 U.S.C. § 1915(g)), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); see also Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (per curiam) (finding that the district court did not abuse its discretion in dismissing prisoner's complaint without prejudice for failing to disclose two previously dismissed federal actions on his complaint form); Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (per curiam) (affirming dismissal of prisoner's action without prejudice where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case dismissed years earlier for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012) (per curiam) (affirming dismissal of action without prejudice for abuse of the judicial process when the inmate failed to disclose the type of cases the complaint form required him to disclose); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 131-32 (11th Cir. 2012)

(per curiam) (affirming dismissal of an inmate's action without prejudice when he avowed on the complaint form under the penalty of perjury that he had never had an action dismissed prior to service of process, even though he had at least one), cert. denied, 569 U.S. 960 (2013); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (per curiam) (affirming the dismissal of an inmate's action without prejudice when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for the disclosure of such lawsuits).

When an action is subject to dismissal without prejudice as malicious, the Court must consider whether the action may be re-filed. See Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action for the plaintiff's failure to disclose prior lawsuits because the statute of limitations had not expired and the complaint could be re-filed). When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff is unable to re-file a viable action, and the court must then consider lesser sanctions. See Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam). In Alabama, the statute of limitations for filing a § 1983 action is two years.

Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc); Ala. Code § 6-2-38(l).

**II. Analysis.**

In the present action, the Court's complaint form for inmate actions under 42 U.S.C. § 1983 asked Casey whether he had filed any other lawsuits in state or federal court relating to his imprisonment. (Doc. 1 at 3). The form expressly provides that if the answer is yes, the plaintiff is to describe each lawsuit in the space below and, if necessary, describe additional lawsuits on a separate piece of paper using the same format set forth in the complaint. (See id.). Casey denied having filed other lawsuits relating to his imprisonment. (Id.). Casey then proceeded to sign his complaint under penalty of perjury. (Id. at 7).

In screening Casey's complaint under 28 U.S.C. § 1915(e)(2)(B), the Court discovered in its examination of PACER (Public Access to Court Electronic Records)[1] and this Court's own records that Casey previously filed at least one other action relating to his imprisonment that he did not disclose in his complaint, namely, Casey v. Officer Wriley, No. 1:16-cv-00119-WS-N (S.D. Ala. filed Mar. 21, 2016). In that lawsuit, Casey complained, as he does in the instant complaint, that he was

---

[1] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. See Grandinetti v. Clinton, 2007 U.S. Dist. LEXIS 43425, at *2, 2007 WL 1624817, at *1 (M.D. Ala. Apr. 5, 2007).

stabbed at Holman Correctional Facility ("Holman") as a result of a correctional defendant's failure to take proper actions to protect him. See ECF No. 1. The Wriley case was dismissed in July 2016 after Casey failed to comply with an order of the Court. ECF No. 5, 6, 7.

Notwithstanding the fact that the complaint form in this action expressly requested information about any prior lawsuits filed by Casey filed relating to his imprisonment, he did not disclose the existence of the prior § 1983 lawsuit referenced above. (See Doc. 1 at 3). He also wrote "N/A" (not applicable) in response to the section that sought specific information about any previous lawsuits relating to his imprisonment. (See id.). Accordingly, there can be no question that when Casey filed the complaint in the instant action, he knowingly chose not to list his prior action and then proceeded to sign his complaint under penalty of perjury, notwithstanding his misrepresentations. (See id. at 7).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist in determining whether the prisoner's action is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), whether the action is connected to another action, and whether the plaintiff is familiar with litigating his claims. See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015). When the prisoner fails to provide information about all of his prior

5

actions on the complaint form, the Court is deprived of this knowledge and is forced to expend more time and resources than would otherwise be necessary. Doctor, 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(a) & 11(b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness" of the document he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

Because Casey was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abuse of the judicial process. The only reason the undersigned would not recommend dismissing this action without prejudice is if the present action could not be re-filed because the two-year statute of limitations for a § 1983 action had expired.

An examination of the complaint reflects that Casey names as Defendants Cynthia Stewart, Warden Ra[y]bon, and Warden Mitchell,

6

who are wardens at Holman Correctional Facility ("Holman"); Sergeant Pace, a correctional officer at Holman; and Wexford Medical Services ("Wexford"), a prison healthcare provider, along with two of its nurses. (See Doc. 1). Casey alleges that he was stabbed by another inmate at Holman on November 1, 2019. (Id. at 4). He complains that the wardens subjected him to cruel and unusual punishment by failing to have guards on their required posts and failing to institute measures to adequately protect prisoners. (Id. at 5). Casey contends that Sergeant Pace is also liable because he was the shift commander on the night of the stabbing and failed to have a guard on post in the cubicle. (Id. at 9). Finally, he contends that Wexford and the nurses are liable because they provided "atrocious" care for his stab wounds. (Id. at 8-9).

Considering that the actions complained of are alleged to have occurred on November 1, 2019 at the earliest, there is no question that Casey has the ability to re-file his action before the two-year statute of limitations expires, if he elects to do so. Because his claims can be re-filed, Casey's action is due to be dismissed without prejudice as malicious.

**III. Conclusion.**

For the foregoing reasons, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), prior to service of process, because it is malicious.

7

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **June, 2020.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**